**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-6832**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JACOB TREMAIN COVINGTON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:07-cr-00191-WO-1)

———————

Submitted:  June 29, 2012                Decided:  July 10, 2012

———————

Before GREGORY, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant.  Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court accepted Jacob Tremain Covington's plea of not guilty by reason of insanity to the charge of possession of a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). After a hearing, the district court concluded that Covington had failed to demonstrate that his release would not pose a substantial risk of bodily injury or damage to property of another, and committed Covington to the custody of the Attorney General. Covington appeals, and appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in committing Covington. Covington has also filed a pro se supplemental brief raising additional issues.[*] Finding no error, we affirm.

Appellate courts review a district court's order committing a defendant to the custody of the Attorney General for clear error. See, e.g., United States v. Stewart, 452 F.3d 266, 273 (3d Cir. 2006). Under 18 U.S.C. § 4243(a)-(c) (2006), upon finding that a defendant is not guilty of a criminal offense by reason of insanity, a district court must commit the

_____

[*] We have considered the issues raised in Covington's pro se brief and conclude they lack merit.

2

defendant to a suitable facility, order that a psychiatric evaluation of the defendant be completed and a report prepared, and conduct a hearing within forty-five days to determine whether the defendant should remain in custody. At the hearing, a defendant charged with an offense involving bodily injury or serious damage to the property of another must prove "by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage to the property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d) (2006). For any other offense, the defendant must make this showing by a preponderance of the evidence. Id.

Moreover, if after the hearing the court finds that the defendant failed to meet his burden of proof, the court "shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4243(e) (2006). We have thoroughly reviewed the record and conclude that the district court complied with the statutory requirements and did not err in determining that Covington failed to carry his burden of proving that he would not pose a substantial risk of injury or property damage if released.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district

3

court. This court requires that counsel inform Covington, in writing, of the right to petition the Supreme Court of the United States for further review. If Covington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Covington. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED